UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JONTE ANDREW WUNNER,  :
                Plaintiff,  :
                  :
v.  :
                  :  **OPINION AND ORDER**
CHIEF H. SMITH, CAPTAIN J. GINTY,  :
LIEUTENANT C. BINI, SERGEANT C.  :  21 CV 1865 (VB)
ZAYAS, SERGEANT M. SHENE, CORPORAL  :
J. WILCOX, DEPUTY M. GORR, DEPUTY  :
SAWALL, and DEPUTY S. CUNNINGHAM,  :
                Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Jonte Andrew Wunner, proceeding pro se and in forma pauperis, brings this Section 1983 action against defendants Chief H. Smith, Captain J. Ginty, Lieutenant C. Bini, Sergeant C. Zayas, Sergeant M. Shene, Corporal J. Wilcox, Deputy M. Gorr, Deputy Sawall, and Deputy S. Cunningham. Plaintiff alleges his constitutional rights were violated when he was pepper sprayed and beaten by jail officials, and that he was not provided adequate mental health care following the attack in violation of federal and state law as well as state regulations governing county jails.

      Now pending are two motions to dismiss the complaint pursuant to Rule 12(b)(6), one by defendants Chief Smith, Capt. Ginty, Lt. Bini, and Deputy Cunningham (Doc. #31), and the other by defendant Sgt. Zayas. (Doc. #41).[1]

      Plaintiff did not oppose the motions, despite having been granted multiple extensions of time to do so. (Docs. ##40, 43).

---

[1] Defendants Sgt. Shene, Cpl. Wilcox, Deputy Gorr, and Deputy Sawall did not move to dismiss but rather filed an answer to the complaint. (Doc. #35).

1

For the reasons set forth below, Chief Smith, Capt. Ginty, Lt. Bini, and Deputy Cunningham's motion is GRANTED; and Sgt. Zayas's motion is DENIED.

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

For the purpose of ruling on the motions to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

During the complained-of events, plaintiff was detained at the Sullivan County Jail in Monticello, New York, pending disposition of criminal charges against him. (Doc. #1 ("Compl.") at ECF 8).[2]

Plaintiff alleges he suffers from "severe mental health issues," including attention deficit hyperactivity disorder, a mood disorder, and anxiety. (Compl. at ECF 8; id. Ex. A at ECF 2). Allegedly because of these mental health issues, on February 3, 2020, plaintiff "began to behave in an erratic manner, which he could not control." (Compl. at ECF 8). In response to his behavior, the officer assigned to plaintiff's unit contacted his on-duty supervisors to alert them "[p]laintiff was deliberately causing a disturbance." (Id.).

According to plaintiff, six prison officials, including Sgt. Zayas, Sgt. Shene, Cpl. Wilcox, Deputy Gorr, and Deputy Sawall responded to the unit officer's report. These officials ordered plaintiff to lie on the floor. Plaintiff did not comply.

Next, Sgt. Zayas pepper sprayed plaintiff. Plaintiff still did comply with the officers' order to lie on the floor. Instead, plaintiff asked for help and said he was having trouble

---

[2] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

breathing. Plaintiff alleges Cpl. Wilcox, Deputy Gorr, and Deputy Sawall then entered plaintiff's cell, handcuffed him, and beat him while Sgt. Zayas and Sgt. Shene watched.[3]

Plaintiff further alleges he was removed from his cell and provided medical treatment. According to plaintiff, jail medical staff determined plaintiff needed emergency care, and he was transported to Catskill Regional Medical Center ("CRMC"). At CRMC, plaintiff was treated for the pepper spray and needed six sutures to close a laceration on his chin.

Plaintiff alleges he was permanently disfigured from the attack and suffered "bruises resulting in extreme discomfort." (Compl. at ECF 13). He also alleges his mental health has steadily declined following the incident. For example, he alleges he now suffers from suicidal ideations and has engaged in self-harm. According to plaintiff, he requested additional mental health care, but his requests were derided or ignored.

## DISCUSSION

I. <u>Standard of Review</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).[4] First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded

---

[3] The incident report signed by Sgt. Zayas, and attached to plaintiff's complaint, states Deputy Cunningham also witnessed the incident. (Compl. Ex. B at ECF 4).

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II.     Defendants Chief Smith, Capt. Ginty, Lt. Bini, and Deputy Cunningham

Defendants Chief Smith, Capt. Ginty, Lt. Bini, and Deputy Cunningham contend plaintiff has not alleged facts sufficient to show they were personally involved in the alleged constitutional violations.

The Court agrees.

To state a claim under Section 1983, a plaintiff must allege facts showing defendants' direct and personal involvement in the alleged constitutional deprivation. See Spavone v. N.Y.S. Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

"Where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." Perkins v. City of New York, 2017 WL 1025987, at *2 (S.D.N.Y. Mar. 15, 2017).[5]  Moreover, a defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. See Tangreti v. Bachmann, 983 F.3d 609, 620 (2d Cir. 2020).

Liberally construed, plaintiff alleges he was subject to excessive force on February 3, 2020, and, after the incident, prison officials were deliberately indifferent to his serious mental-health needs. However, plaintiff does not allege Chief Smith, Capt. Ginty, Lt. Bini, or Deputy Cunningham were either personally involved in his attack on February 3, 2020, or knew about his mental-health needs, or were otherwise involved in his mental health treatment. In fact,

---

[5]     Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

5

plaintiff does not mention Chief Smith, Capt. Ginty, Lt. Bini, or Deputy Cunningham in his narrative statement of claim at all.[6]

Moreover, to the extent plaintiff seeks to hold these defendants liable because they supervised his attackers or medical providers (see Compl. at ECF 10 (referencing "employment relationships")), a supervisory relationship on its own is insufficient to state a claim under Section 1983. Tangreti v. Bachmann, 983 F.3d at 620.

Accordingly, plaintiff's claims against Chief Smith, Capt. Ginty, Lt. Bini, and Deputy Cunningham must be dismissed.[7]

III.     Defendant Sgt. Zayas

Sgt. Zayas argues plaintiff fails plausibly to allege an excessive-force claim against him and, even if plaintiff did so, he is shielded from liability based on qualified immunity.

The Court disagrees.

---

[6]     Lt. Bini and Deputy Cunningham are each mentioned once in the exhibits attached to plaintiff's complaint. Per those exhibits, Lt. Bini adjudicated the first appeal of his grievance following the February 3, 2020, incident. (Compl. Ex. F at ECF 32). The incident report signed by Sgt. Zayas states Deputy Cunningham was a witness to the incident. (Id. Ex. B at ECF 4).

[7]     In addition to his constitutional claims, plaintiff alleges defendants violated the New York State Mental Hygiene Law and New York Minimum Standards and Regulations for Management of County Jails and Penitentiaries (the "Minimum Standards"). (Compl. at ECF 9–10). These claims must be dismissed because neither provides a private right of action. McWilliams v. Cath. Diocese of Rochester, 145 A.D.2d 904, 904–05 (4th Dep't 1988) (Mental Hygiene Law); Powlowski v. Wullich, 102 A.D.2d 575, 583 (4th Dep't 1984) (Minimum Standards).

6

A.      Excessive Force

Plaintiff has plausibly stated an excessive-force claim against Sgt. Zayas pursuant to the Fourteenth Amendment.[8]

Pretrial detainees are protected "from the use of excessive force that amounts to punishment" by the Due Process Clause of the Fourteenth Amendment. Frost v. N.Y.C. Police Dep't, 980 F.3d 231, 251–52 (2d Cir. 2020).

A pretrial detainee bringing a Fourteenth Amendment excessive-force claim must plausibly allege the defendant acted deliberately and "that the force purposefully or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396–97 (2015).  Factors to consider in determining the objective reasonableness of the force used include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Id. at 397.

However, "claims for excessive force under the Fourteenth Amendment must involve force that is either more than de minimis or repugnant to the conscience of mankind." Johnson v. City of New York, 2020 WL 3100197, at *4 (S.D.N.Y. June 11, 2020).

Plaintiff plausibly alleges Sgt. Zayas's use of force was objectively unreasonable. Plaintiff alleges significant, not de minimus, injuries.  For example, plaintiff alleges he now suffers from suicidal ideations and has engaged in self-harm because of the incident.  In other

---

[8] Sgt. Zayas contends plaintiff's claim against him is governed by the Eighth Amendment, not the Fourteenth Amendment, because plaintiff was a convicted and sentenced prisoner at the time of the incident.  However, plaintiff alleges the incident occurred "while being detained pending disposition of criminal charges." (Compl. at ECF 8).  The Court must accept plaintiff's allegations as true on a motion to dismiss.  Ashcroft v. Iqbal, 556 U.S. at 679.

words, plaintiff has alleged a "lasting injury." See Walton v. Lee, 2019 WL 1437912, at *6 (S.D.N.Y. Mar. 29, 2019). Plaintiff also alleges Sgt. Zayas did not attempt to diffuse the situation, that is, "temper or limit the use of force," and instead pepper sprayed him multiple times as plaintiff was "loudly pleading for help." (Compl. at ECF 8–9). Further, plaintiff alleges he was attempting to comply with the officers' orders, not "actively resisting" them. (Id. at 8 ("When Plaintiff did not comply fast enough . . . .")). Plaintiff's complaint also suggests any use of force was contrary to Sullivan County Jail policy on interacting with mentally ill inmates.

Moreover, Sgt. Zayas's argument that "pepper spray is not excessive force as a matter of law" (Doc. #42, at 14) is plainly incorrect. See Brown v. City of New York, 798 F.3d 94, 103 (2d Cir. 2015) (remanding for trial excessive-force claim based on officer "taking [plaintiff] to the ground and twice applying pepper spray").

Taken together, and accepting plaintiff's allegations as true at this early stage of the case, plaintiff plausibly alleges Sgt. Zayas's use of pepper spray was objectively unreasonable. See, e.g., Taylor v. Quayyum, 2021 WL 6065743, at *5 (S.D.N.Y. Dec. 21, 2021) (declining to dismiss excessive-force claim when plaintiff plausibly alleged corrections officer employed pepper spray absent "a security issue or other threat").

Accordingly, plaintiff has stated an excessive-force claim against Sgt. Zayas.

B.   Qualified Immunity

Sgt. Zayas has also not demonstrated he is protected by qualified immunity.

Qualified immunity shields government officials whose "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The scope of qualified immunity is broad, and protects "all but the plainly incompetent or those who knowingly violate the law."

Malley v. Briggs, 475 U.S. 335, 341 (1986). "A qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Salim v. Proulx, 93 F.3d 86, 89 (2d Cir. 1996). "Defendants bear the burden of establishing qualified immunity." Garcia v. Does, 779 F.3d 84, 92 (2d Cir. 2015).

"[U]sually, the defense of qualified immunity cannot support the grant of a Rule 12(b)(6) motion." Hyman v. Abrams, 630 F. App'x 40, 42 (2d Cir. 2015) (summary order). However, "a district court may grant a Rule 12(b)(6) motion on the ground of qualified immunity if the facts supporting the defense appear on the face of the complaint." Id.

Sgt. Zayas argues he is entitled to qualified immunity because plaintiff does not plausibly allege his constitutional rights were violated. As explained above, plaintiff plausibly alleges Sgt. Zayas employed excessive force in violation of plaintiff's well-established Fourteenth Amendment rights.

Accordingly, Sgt. Zayas is not entitled to qualified immunity at this stage of the case.

## CONCLUSION

Defendants Chief Smith, Capt. Ginty, Lt. Bini, and Deputy Cunningham's motion to dismiss is GRANTED.

Defendant Sgt. Zayas's motion to dismiss is DENIED.

Defendant Sgt. Zayas's answer is due February 1, 2022.

By separate Order, the Court will schedule an initial conference.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate defendants Chief H. Smith, Capt. J. Ginty, Lt. C. Bini, and Deputy S. Cunningham from the docket.

The Clerk is further instructed to terminate the motions. (Docs. ##31, 41).

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the docket.

Dated: January 18, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge